CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 2 8 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID CHARLES WILLIS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:08cv00422** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **OFFICER NEWMAN, et al.,** | ) | **By: Jackson L. Kiser** |
| **Defendants.** | ) | **Senior United States District Judge** |

Plaintiff David Charles Willis filed this civil rights complaint pursuant to 42 U.S.C. §

1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate or pre-trial detainee

in the Roanoke City Jail in Roanoke, Virginia ("the Jail"), alleges that defendants violated his

constitutional rights in various ways. Plaintiff seeks injunctive relief.[1] Upon review of the

record, the court concludes that the plaintiff has not stated a claim upon which relief may be

granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[2]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the Constitution or laws of the United States and must show that the deprivation of

that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S.

42, 48 (1988). A complaint fails to state a claim upon which relief can be granted when no relief

---

[1] See n. 10, infra.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Plaintiff is advised that 42 U.S.C. § 1997e(a) requires exhaustion of all available administrative remedies as a precondition to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the § 1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit. It is not clear that plaintiff has exhausted his administrative remedies regarding the issues raised in his complaint. However, the court need not determine whether he has properly exhausted because it is clear that his complaint fails to state a claim upon which relief may be granted.

is available under any set of facts that could be proved consistent with the allegations of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corp. v. Twombly, 550 U.S. ___, slip op. at 8 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., slip op. at 18-24, that the Twombly analysis does not run counter to Swierkiewicz or impose a heightened pleading standard); Teachers' Retirement System of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "a court may dismiss a complaint [for failure to state a claim upon which relief may be granted] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

Construing plaintiff's complaint liberally, the court has determined that plaintiff alleges that his civil rights were violated by the following: upon his arrival at the Jail, it took "27 days" for the Jail to arrange for him to receive his medication, but "[t]his issue . . . has been resolved"; an officer at the Jail "rudely interrupted" a conversation plaintiff was having with a nurse; plaintiff was placed in administrative segregation for several days and "was placed in segregation without proper authorization"; there was no bottom bunk available and he was told to "sleep on the floor," but "[t]he issue concerning the bottom bunk has been resolved"; an officer swore at him; he was subjected to a disciplinary hearing for "being disorderly," and was denied visitation privileges for six days; respondents to plaintiff's grievances and complaints retained all of the documents plaintiff submitted and "refused to send [him] copies for [his] records"; a physician

2

sent him medication to take without first evaluating him; Jail officers "address inmates by using poor choices of words"; and that, in retaliation for plaintiff having filed a grievance and obtained a form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, an officer threatened to make him take his medication "in front of the nurse" or in the presence of lawyers.

## I. Grievance Procedures

Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Accordingly, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Azeez v. De Robertis, 568 F. Supp. 8, 9-11 (N.D.Ill.1982). Under these principles, plaintiff has no actionable claim regarding defendants' responses to his grievances or their administration of the grievance process, including standard operating procedures that preclude returning to plaintiff grievance documents that plaintiff has filed with the Jail. Accordingly, these claims will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## II. Administrative Segregation and 6-Day Denial of Visitation Privileges

An inmates' liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine,

3

changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991). Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id. Courts have held that placement and long-term detention in segregated confinement under Virginia's prison regulations does not give rise to any constitutionally protected liberty interest under Sandin. See, e.g., DeBlasio v. Johnson, 128 F. Supp.2d 315, 328-29 (E.D. Va. 2000), aff'd by Madison v. Johnson, 12 Fed. App'x. 149 (4th Cir. 2001) (unpublished). Thus, plaintiff has no due process claim concerning his confinement in segregation pursuant to disciplinary charges. Moreover, as he fails to allege that segregated confinement has caused him any significant physical or mental health injury, he fails to state any claim of cruel and unusual punishment in violation of the Eighth Amendment. See Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993). Accordingly, these claims[3] will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

### III. Prison Conditions

While the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive

---

[3] These claims include plaintiff's allegations that he was placed in administrative segregation for several days "without proper authorization," and that he was subjected to a disciplinary hearing for "being disorderly," and as a result was denied visitation privileges for six days.

4

or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler, 989 F.2d at 1380-81; Helling v. McKinney, 509 U.S. 25 (1993). A plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991).

To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997), Strickler, 989 F.2d at 1380-1381, or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling, 509 U.S. at 31. To satisfy the subjective element of a conditions claim, a plaintiff must show that the defendant officials acted with deliberate indifference toward the risk of harm. Farmer, 511 U.S. at 835; Taylor v. Freeman, 34 F.3d 266, 271 (4th Cir. 1994). To prove deliberate indifference by an official, a plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed and that he actually drew that inference. Id. at 837. Then, the plaintiff must show that the official disregarded the risk by failing to take "reasonable measures" to alleviate the risk.

5

Id. at 832.

As the United States Court of Appeals for the Fourth Circuit stated in Strickler:

> The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.

989 F.2d at 1381.

Plaintiff claim regarding conditions at the Jail is that, at some point, there was no bottom bunk available and he was told to "sleep on the floor," but "[t]he issue concerning the bottom bunk has been resolved." Having reviewed the allegations, the court concludes that plaintiff has failed to allege facts sufficient to survive the court's sua sponte review. In the first instance, plaintiff concedes that "[t]he issue concerning the bottom bunk has been resolved." Moreover, plaintiff fails to claim that he sustained a serious or significant mental or physical injury; in fact, he alleges no injury whatsoever resulting from the alleged "issue concerning the bottom bunk." In sum, plaintiff has not demonstrated that conditions are such that he has sustained a serious or significant injury or is at unreasonable risk of serious damage to his future health.[4]

Plaintiff has not alleged conditions that amount to cruel and unusual punishment and,

---

[4] See, e.g., Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (holding that the plaintiff failed to allege injuries that were "sufficiently serious to be constitutionally actionable," where the plaintiff stated that his exposure to environmental tobacco smoke resulted in breathing problems, chest pains, dizziness, sinus problems, headaches, and a loss of energy); Oliver v. Deen, 77 F.3d 156, 160 (7th Cir. 1996) (finding that evidence of "considerable" medical treatment for asthma related concerns following exposure to smoke did not establish constitutionally significant injury); Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis). In short, plaintiff has not stated a claim that "'the actual conditions of confinement . . . [at Haysi] are cruel and unusual.'" Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (holding that the risk of harm by fire or smoke did not constitute cruel and unusual punishment) (citation omitted).

6

therefore, fails to state a claim under the Eighth Amendment. Accordingly, plaintiff's claims regarding the living conditions at the Jail will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[5]

## IV. Medical Claims

Plaintiff's claims concerning medical care at the Jail are as follows: upon his arrival at the Jail, it took "27 days" for the Jail to arrange for him to receive his medication, but "[t]his issue . . . has been resolved," and that a physician sent him medication to take without first evaluating him. In order to state a cognizable claim regarding medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997).

A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent

---

[5] The court notes that plaintiff may be a pre-trial detainee at the Jail, or may have been a pre-trial detainee at the time during which the pertinent events are alleged to have occurred, and that the claims of a state pre-trial detainee should be evaluated under the Due Process Clause of the Fourteenth Amendment instead of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs). Conditions of confinement cannot be considered punishment so long as they are rationally connected to a legitimate, nonpunitive penological purpose and are not excessive in relation to that purpose. Bell, 441 U.S. at 535-538. Accordingly, in evaluating the constitutionality of conditions of confinement for pretrial detainees, the court must determine whether the challenged conditions amount to punishment. Id. As the court has explained in the foregoing analysis of plaintiff's Eighth Amendment claim of cruel and unusual punishment, plaintiff's constitutional rights have not been violated.

7

disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986) (reversing summary judgment for defendants and remanding where guards knew of serious illness of plaintiff and exhibited deliberate indifference to request for medical treatment prior to inmate's death); see also Estelle, 429 U.S. at 104; Farmer, 511 U.S. at 832-35; Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. An inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Indeed, in the context of short-term incarceration, states may deny inmates elective medical treatment.[6] Kersh v. Bounds, 501 F.2d 585, 588-89 (4th Cir. 1974).

Plaintiff's claim must fail. In the first instance, although he may be dissatisfied that it allegedly took 27 days for him to receive his medication, he cannot demonstrate that the Jail was deliberately indifferent to obtaining the medication for him, and he does not allege that the delay caused a serious injury threatening permanent disability to which defendants were allegedly deliberately indifferent. In fact, plaintiff does not allege or even suggest that he has suffered any

---

[6] The Jail is not a facility for long-term incarceration.

8

symptoms from the delay or from having his medication prescribed by one physician and then dispensed to him by another physician who did not conduct an evaluation to plaintiff's satisfaction. Plaintiff's own allegations fail to suggest that he has sustained a serious or significant injury. See Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis). In sum, plaintiff's claims are not actionable under the Eighth Amendment.[7] Accordingly, plaintiff's medical claims will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## V. Verbal Abuse

Plaintiff alleges that defendants have been verbally abusive. Mere threats and catcalls do not state a claim of constitutional significance. The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate a constitutional right); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D. N.Y. 1984) ("the use of vile and abusive language [including

---

[7] The crux of plaintiff's medical claims is that defendants were negligent. Plaintiff is advised that claims of negligence or medical malpractice under state law are not colorable under § 1983. See Estelle, 429 U.S. at 105-06; Wright, 766 F.2d at 849. Having determined to dismiss the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over any claim plaintiff may purport to bring under state law. See 28 U.S.C. § 1367(c).

racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim"); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) (observing that "[t]hreats alone are not enough" and that "[a] section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation"); Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right); The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973). Accordingly, these claims[8] will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## VI. Conclusion

Based on the foregoing, the court finds that plaintiff has not presented any claims that constitute a violation of his constitutional rights. Therefore, the court will dismiss the complaint

---

[8] These claims include plaintiff's allegations that an officer at the Jail "rudely interrupted" a conversation plaintiff was having with a nurse; that an officer swore at him; that officers "address inmates by using poor choices of words"; and that, in retaliation for plaintiff having filed a grievance and obtained a form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, an officer threatened to make him take his medication "in front of the nurse" or in the presence of lawyers.

10

pursuant to 28 U.S.C. § 1915A(b)(1).[9, 10]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER:** This 28th day of July, 2008.

Senior United States District Judge

---

[9] Federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that this dismissal constitutes a "strike" under §1915(g). Plaintiff is further advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

[10] Construing plaintiff's requested relief as a plea seeking injunctive relief, a district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Given that plaintiff's allegations do not state any constitutional claim, plaintiff has not established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of interlocutory injunctive relief of some kind. Accordingly, plaintiff's request for injunctive relief does not satisfy the "balance of hardships" test, and must be denied.

Insofar as plaintiff's request for injunctive relief could be construed as a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would be effective only until such time as a hearing on a preliminary injunction could be arranged. As it is clear at this juncture that plaintiff has stated no claim of constitutional significance, and is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

11